ORIGINAL




**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN ANTONIO BARRERAS-CAMPOS,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | Cr. No. 05-1143GT<br>Cv. No. 08-1268GT<br>**ORDER** |

On July 14, 2008, Defendant, Juan Antonio Barreras-Campos ("Mr. Barreras"), filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Mr. Barreras argues that imposition of supervised release violated his constitutional rights on several grounds. For the reasons stated below, Mr. Barreras's Motion is **DENIED.**

First, Mr. Barreras argues that he did not receive notice of the conditions of his supervised release as required by 18 U.S.C. § 3603. However, this Court specifically instructed Mr. Barreras that he could not reenter the United States without legal permission or proper documentation. In short, Mr. Barreras received actual notice, at the time of sentencing, that reentering the United States would violate the conditions of his supervised release.

Second, Mr. Barreras claims that the petition for the warrant for his arrest was not supported by oath or affirmation. This is incorrect. The probation officer signed the petition with a declaration under the penalty of perjury that the information was correct. Therefore, the Vargas-Amaya case is not applicable.

Third, Mr. Barreras argues that the government did not produce sufficient evidence that he violated the conditions of his supervised release. However, Mr. Barreras admitted to Allegation number 2 and the government did not need to provide evidence.

Finally, Mr. Barreras seems to argue that the imposition of supervised release is not mandatory and that it is an increased penalty that requires a separate hearing. Mr. Barreras correctly states that imposition of supervised release is not mandatory except under certain conditions which are not applicable in his case. 18 U.S.C. § 3583(a). Under § 3583 the court must consider the relevant factors set forth in § 3553(a). Id. However, Mr. Barreras is incorrect in asserting that the Court must hold a "additional sentencing hearing" to determine whether or not supervised release is appropriate. Mr. Barreras is also incorrect in arguing that the term of supervised release is an "increased penalty." The Ninth Circuit has consistently held that supervised release is part of the original sentence and not an increased penalty. United States v. Liero, 298 F.3d 1175, 1178 (9th Cir. 2002). Since supervised release is part of the original sentence, an additional sentencing hearing is not required. Additionally, the Court at the time of sentencing considered all the relevant factors in §3553(a) in determining Mr. Barreras's term of imprisonment and term of supervised release. Hence, the imposition of supervised release in Mr. Barreras's case comported with the statutory requirements. Accordingly,

**IT IS ORDERED** that Mr. Barreras' Motion is **DENIED.**

4-7-09
date

Gordon Thompson Jr.
GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter

Petitioner